*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
California Bar No. 332334
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| DONALD R. LOVE,<br><br>Plaintiff,<br><br>v.<br><br>OCCAMS ADVISORY, INC.,<br><br>Defendant. | CASE No. 5:26-cv-02768 |

# COMPLAINT

**NOW COMES** DONALD R. LOVE ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of OCCAMS ADVISORY, INC, ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff, by and through the instant action, brings claims against Defendant for violation of the Telephone Consumer Protection Act, ("TCPA"),

pursuant to 47 U.S.C. § 227 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), pursuant to Cal. Civ. Code § 1788 *et seq.*, the California Unfair Competition Law under Cal. Bus. & Prof. Code § 17200 *et seq.*, as well as for Trespass to Chattels ("TTC") and Invasion of Privacy ("IOP"), stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who is over 18 years-of-age residing in San Bernardino, California.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is a financial services company that provides a variety of money services to individuals across the United States, including those located in the state of California.

8. Defendant's principal place of business is located in Sarasota, Florida.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS SUPPORTING CAUSE OF ACTION

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9403.

11. At all times relevant, Plaintiff's number ending in 9403 was assigned to a cellular telephone service.

12. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

13. Prior to the events giving rise to this action, Plaintiff obtained tax credit services from Defendant.

14. Plaintiff started receiving collection calls from Defendant.

15. Specifically, Defendant began placing multiple collections calls per day to Plaintiff's cellular phone.

16. Fed up with the harassing collection calls, Plaintiff requested that Defendant cease its collection calls.

17. Despite Plaintiff's request that the collection calls cease, Defendant continued pounding Plaintiff with collection calls.

18. In an effort to escape Defendant's harassing collection calls, Plaintiff would ignore the numbers that Defendant previously called from, only for Defendant to call from new numbers.

19. Plaintiff had no choice but to submit to Defendant's harassing collection calls.

20. Defendant placed an average of 2 harassing collection calls to Plaintiff's cellular phone per day.

21. In some of the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemail messages on Plaintiff's cellular phone requesting a call back.

**COUNT I– VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

22. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

23. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

24. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone numbers using an automatic telephone dialing system ("ATDS") or an artificial or pre-recorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

25. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on his cellular telephone.

26. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, and the pre-recorded messages used by Defendant, Defendant used pre-recorded voice technology to place calls to Plaintiff's cellular phone.

27. Upon information and belief, the pre-recorded voice technology employed by Defendant play a pre-recorded message once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

28. As pled above, Plaintiff never provided his cellular phone numbers to Defendant and therefore Defendant never had consent to place calls to Plaintiff's cellular phone numbers.

29. As pled above, Plaintiff was severely harmed by Defendant's unauthorized calls to his cellular phone using pre-recorded voice technology.

30. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phone.

31. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

32. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

33. Upon information and belief, Defendant knew its collection practices violated the TCPA yet continued to employ them in order to maximize efficiency and revenue.

34. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

35. As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. An order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b. An award of $500.00 in damages to Plaintiff;

c. An award of treble damages up to $1,500.00 to Plaintiff; and

d. An award of such other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. Plaintiff is a “person” as defined by Cal. Civ. Code § 1788.2(g).

38. The subject debt is a “debt” and “consumer debt” as defined by Cal. Civ. Code § 1788.2(d) and (f).

39. Defendant is a “debt collector” as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.11(e)**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate “by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances.”

41. Defendant repeatedly violated the RFDCPA when it continuously called Plaintiff’s telephone after he informed them that he was no longer welcoming Defendant trying to reach his and that he wanted the calls to cease. This repeated behavior of systematically calling Plaintiff’s phone despite his demands was oppressive, harassing, and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff’s pleas with the intent of annoying and harassing her.

42. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's telephone.

43. As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a) and 15 U.S.C. § 1692k(a)(1);

c. Awarding Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b) and 15 U.S.C. § 1692k(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided, pursuant to Cal. Civ. Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT III – VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAWS

44. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. Pursuant to Cal. Bus. & Prof. Code § 17200, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice . . . ."

46. As provided by Cal. Bus. & Prof. Code § 17203, "[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The Court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

47. Defendant engaged in unfair and deceptive business practices, and by extension unfair competition, through the deceptive and unfair manner in which it continued to contact his after he demanded such calls cease. Such conduct is the precise sort of unfair and deceptive practices sought to be curbed by the unfair competition law, and Defendant is liable to Plaintiff for its conduct.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff restitution as provided by Cal. Bus. & Prof. Code § 17203;

c. Award Plaintiff an injunction against further unfair competition as provided by Cal. Bus. & Prof. Code § 17203;

g. Award any other relief this Honorable Court deems equitable and just.

## COUNT IV - TRESPASS TO CHATTELS

48. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

50. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

51. Courts have applied this tort theory to unwanted telephone calls . See *Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.*, 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

52. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

53. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

54. Defendant barraged Plaintiff with numerous calls, including multiple calls per day on occasion, leaving him unable to use or possess his cellular phone in the manner in which he wanted to during such time.

55. Defendant knew or should have known that its phone calls were harassing and disruptive to Plaintiff given the repeated and persistent nature of its contacts as well as the nature of the information Plaintiff provided Defendant.

56. Defendant caused damage to Plaintiff's cellular phone, including but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, and the loss of battery life.

57. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress stemming from Defendant's continuous interference with his possession of his cellular phone.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in his favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at evidentiary hearing;

c. Award Plaintiff punitive damages in an amount to be determined at evidentiary hearing;

d. Enjoining Defendant from contacting Plaintiff;

e. Award any other relief the Honorable Court deems equitable and just.

## COUNT V-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

58. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

59. Defendant, through their barrage of phone calls, have repeatedly and intentionally invaded Plaintiff's privacy.

60. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

61. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, repeatedly, was highly intrusive and invasive.

62. Defendant's phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed

Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's harassing phone call campaign.

63. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought his cellular phone.

64. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into making payment, Plaintiff had no reasonable escape from these incessant calls.

65. When Plaintiff attempted to block Defendant's contacts, they simply changed numbers in order to continue intruding upon Plaintiff's peace and solitude.

66. As detailed above, by persistently calling Plaintiff's cellular phone, Defendant invaded Plaintiff's right to privacy, as legally protected, and caused Plaintiff to suffer concrete and particularized harm.

67. Defendant's relentless collection efforts and tactic of repeatedly dialing Plaintiff's cellular phone are highly offensive to a reasonable person and exceeded any potential reasonableness of consent Plaintiff provided to be contacted about the subject debt in the event he fell behind on payments to Defendant.

68. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as the Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 22, 2026

Respectfully submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
California Bar No. 332334
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*