NASSER LAW
Nedeen Nasser, SBN 256430
222 N. Pacific Coast Hwy, Fl 10
El Segundo, CA 90245
P: (310) 999-9464
F: (714) 829-3319
E: nnasser@nasserlegal.com
Attorney for Defendant
OCCAMS ADVISORY INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| DONALD R. LOVE, an individual<br><br>Plaintiff,<br><br>v.<br><br>OCCAMS ADVISORY INC., a Delaware corporation,<br><br>Defendants. | Case No. 5:26-cv-02768-JGB-ACCV<br><br>**DEFENDANT'S NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Fed. R. Civ. P. 55(c)<br><br>Hearing Date: October 19, 2026<br>Time: 9:00 a.m.<br>Courtroom: 1 (Riverside)<br>Judge: Hon. Jesus G. Bernal<br><br>Complaint Filed: May 22, 2026 |

**DEFENDANT'S NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES**

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that on Monday, October 19, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the United States District Court for the Central District of California, Eastern Division, 3470 Twelfth Street, Riverside, California 92501, Defendant Occams Advisory, Inc. ("Defendant") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 55(c), for an order setting aside the Clerk's entry of default entered against Defendant on July 30, 2026 (Dkt. No. 13).

This Motion is made on the ground that good cause exists to set aside the entry of default because (1) Defendant's failure to timely respond was not the result of culpable conduct; (2) Defendant has meritorious defenses to Plaintiff's claims; and (3) setting aside the default will not prejudice Plaintiff.

Further, this Motion is UNOPPOSED. Plaintiff's counsel has confirmed in writing that Plaintiff has "[n]o objection to vacating the default." (Nasser Decl. ¶ 12, Ex. A.) This Motion is made following the conference of counsel that took place on August 10, 2026, pursuant to Local Rule 7-3. (Nasser Decl. ¶¶ 10–11.)

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Nedeen Nasser and its exhibit, the pleadings and records on file, and any further argument the Court may permit. Because the Motion is unopposed, Defendant respectfully requests that the Court grant it without oral argument pursuant to Local Rule 7-15 and Federal Rule of Civil Procedure 78.

DATED: September 2, 2026

Respectfully submitted,

By: *<u>/s/Nedeen Nasser</u>*
Nedeen Nasser, Esq. (SBN 256430)
Nasser Law
222 N Pacific Coast Hwy, Fl 10
(310) 999-9464
El Segundo, CA 90245
Attorneys for Defendant Occams Advisory, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Only a Clerk's entry of default, and not a default judgment, has been entered in the instant proceeding. Defendant sought to resolve this matter when it became aware. Defense counsel contacted Plaintiff's counsel to request an extension and a meeting, and the parties later conferred. Plaintiff does not oppose setting the default aside. Under Rule 55(c), good cause plainly exists, and the Court should grant this unopposed Motion so the case may be decided on its merits.

## II. RELEVANT BACKGROUND

Plaintiff filed the Complaint on May 22, 2026 (Dkt. No. 1) and served Defendant on June 3, 2026, making Defendant's response due June 24, 2026 (Dkt. No. 10). The Summons and Complaint were served at the home of Occams's Chief Executive Officer, who was out ill for a few days; when he later attended to his paperwork and saw that the company had been served, he forwarded it to counsel, and it did not reach the undersigned until June 29, 2026, after the June 24 response deadline had already passed. (Nasser Decl. ¶ 2.) Before any default, defense counsel emailed Plaintiff's counsel on June 30, 2026 requesting an extension and a meeting to discuss resolution, and followed up on July 20, 2026; counsel received an automated reply that Plaintiff's counsel was travelling overseas with delayed responses. (Nasser Decl. ¶¶ 6–7.)

On July 23, 2026, the Court issued an Order to Show Cause re dismissal for failure to prosecute (Dkt. No. 11). Plaintiff moved for entry of Clerk's default on July 29, 2026 (Dkt. No. 12); the Clerk entered default on July 30, 2026 (Dkt. No. 13); and the Court discharged the OSC on July 31, 2026 (Dkt. No. 14). The parties conferred by telephone on August 10, 2026, and Plaintiff's counsel confirmed in writing that Plaintiff has no objection to vacating the default. (Nasser Decl. ¶¶ 9–12, Ex. A.). The parties are have since communicated and are willing to continue to communicate in an effort to settle the matter.

## III. LEGAL STANDARD

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts consider three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had a meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Because default is disfavored, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The standard is applied liberally, and doubts are resolved in favor of setting aside. *Mesle*, 615 F.3d at 1091.

## IV. GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT

### A. Defendant's conduct was not culpable.

Conduct is culpable only where the defendant "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). Courts find culpability only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 697-98.

Here, the failure to answer by June 24 was not the product of any intentional or bad-faith decision. The Summons and Complaint were served on Occams's Chief Executive Officer while he was out ill, and did not reach the undersigned counsel until June 29, 2026, after the response deadline had already passed, at which point counsel immediately sought an extension and a conference. The delay reflected these circumstances and good-faith resolution efforts, not any devious, deliberate, willful, or bad-faith failure to respond. (Nasser Decl. ¶¶ 5–9, 13.)

### B. Defendant has meritorious defenses.

The burden "is not extraordinarily heavy"; the movant need only "allege sufficient facts that, if true, would constitute a defense." *TCI Group*, 244 F.3d at 700; *Mesle*, 615 F.3d at 1094.

First, the Plaintiff's obligation which led to Defendant's contact arises from

Employee Retention Credit services Defendant provided only to businesses; because it is not consumer debt, Plaintiff's Rosenthal Act claim is subject to a substantial defense. See Cal. Civ. Code § 1788.2(f). Second, Defendant uses no automatic telephone dialing system and no artificial or prerecorded voice, defeating the sole Federal claim under 47 U.S.C. § 227(b)(1)(A)(iii). (Nasser Decl. ¶¶ 3–4.) Further, The Plaintiff supplied Defendant with the phone number it used to contact the Plaintiff as the business phone number, rather than as a personal cell phone number.

**C. Setting aside will not prejudice Plaintiff.**

"To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. This action is at its earliest stage, and, dispositively, Plaintiff does not oppose this Motion. (Nasser Decl. ¶ 12, Ex. A.)

**D. The Motion is unopposed.**

Plaintiff's counsel has confirmed in writing that Plaintiff has "[n]o objection to vacating the default." A party's non-opposition "may be deemed consent to the granting" of a motion. L.R. 7-12.

**V. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court set aside the Clerk's entry of default (Dkt. No. 13) and permit Defendant to file its responsive pleading, including its compulsory counterclaim, within fourteen (14)

days of the order.

DATED: September 2, 2026

Respectfully submitted,

By: /s/Nedeen Nasser
Nedeen Nasser, Esq. (SBN 256430)
Nasser Law
222 N Pacific Coast Hwy, Fl 10
(310) 999-9464
El Segundo, CA 90245
Attorneys for Defendant Occams Advisory, Inc.