NASSER LAW
Nedeen Nasser, SBN 256430
222 N. Pacific Coast Hwy, Fl 10
El Segundo, CA 90245
P: (310) 999-9464
F: (714) 829-3319
E: nnasser@nasserlegal.com
Attorney for Defendant
OCCAMS ADVISORY INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| DONALD R. LOVE, an individual<br><br>Plaintiff,<br><br>v.<br><br>OCCAMS ADVISORY INC., a Delaware corporation,<br><br>Defendants. | Case No. 5:26-cv-02768-JGB-ACCV<br><br>**DECLARATION OF NEDEEN NASSER IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Fed. R. Civ. P. 55(c)<br><br>Complaint Filed: May 22, 2026 |

**DECLARATION OF NEDEEN NASSER IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE ENTRY OF DEFAULT**

**TO THE COURT AND ALL PARTIES OF RECORD:**

I, Nedeen Nasser, declare as follows:

1. I am counsel of record for Defendant Occams Advisory, Inc. (“Occams”). I

have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would testify competently to them. I submit this declaration in support of Defendant's Unopposed Motion to Set Aside Entry of Default.

2. Occams was served with the Summons and Complaint on June 3, 2026 through its Chief Executive Officer, Anupam Satyasheel. I am informed and believe that Mr. Satyasheel was out ill for several days at that time. When he attended to his paperwork and saw that the company had been served, he forwarded the papers, which did not reach me as the attorney responsible for Occams's response until June 29, 2026, after the June 24, 2026 deadline to respond had already passed. I contacted Plaintiff's counsel the following day by email. At all times, Occams intended to appear and defend this action and did not intend to abandon or ignore it.
3. The services underlying this dispute were Employee Retention Credit ("ERC") services, which Occams provides only to businesses and not to individual consumers. The amounts at issue are a business obligation. Occams believes it has a substantial defense to Plaintiff's Rosenthal Fair Debt Collection Practices Act claim, which applies only to consumer debt.
4. Occams does not use automatic telephone dialing systems or artificial or prerecorded voice technology to place calls. Occams believes this provides a

substantial defense to the claims premised on such technology, specifically for Count I of Plaintiff's claim.

5. Because any responsive pleading would likely include Occams' counterclaim as compulsory, and because the parties' agreement contains a mediation provision, Occams sought to confer with Plaintiff's counsel regarding an efficient path forward before filing.

6. On June 30, 2026, I emailed Plaintiff's counsel of record, Alexander J. Taylor, stating that Occams was in receipt of the Complaint and requesting both an extension of time to answer and a meeting to discuss resolving the case outside of court. I did not receive a response to that request.

7. On July 20, 2026, I emailed Mr. Taylor again, after not receiving a response, to follow up and to ask whether he wished to meet that week. In response, I received an automated reply stating that Mr. Taylor was "travelling overseas with limited access to phone and email" and that his "responses to emails and phone calls will likely be delayed." I did not receive a substantive response.

8. On August 3, 2026, I emailed Mr. Taylor again requesting a call. That same day, Mr. Taylor directed me to coordinate with his colleague, Mohammed Badwan. Between August 4 and August 7, 2026, Mr. Badwan and I exchanged emails to arrange a telephone conference.

9. Around this time, I also attempted to reach Mr. Taylor by telephone. The telephone number listed for Mr. Taylor in the court filings was not operational when I called. I reached him on August 10, 2026, using the telephone number listed on his profile on the State Bar of California website.

10. On August 10, 2026, I conferred by telephone with Mr. Badwan, and thereafter with Mr. Taylor, regarding the substance of this Motion and potential resolution. This conference satisfies the requirement of Local Rule 7-3 to confer with counsel prior to filing motions.

11. During that conference, we discussed the business (non-consumer) nature of the amounts at issue, Occams' anticipated counterclaim, the contractual mediation provision, and a potential resolution. Both Mr. Badwan and Mr. Taylor separately expressed a willingness to set aside the Clerk's entry of default so that either (1) the parties could attempt to settle the matter out of court between themselves, (2) the parties could attempt to settle the matter through guided ADR or (3) this action could proceed on the merits.

12. Following our communications, Plaintiff's counsel confirmed in writing that Plaintiff has "No objection to vacating the default." A true and correct copy of that written correspondence is attached hereto as Exhibit A.

13. Occams' failure to file a responsive pleading by June 24, 2026 was

not the result of any willful, deliberate, or bad-faith decision to disregard this action or to gain any tactical advantage. It reflected Occams' good-faith effort to confer toward an efficient resolution.

14. Occams has acted promptly and will file its responsive pleading and counterclaim within fourteen (14) days after entry of an order setting aside the default.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2026, at Austin, Texas.

_*/s/Nedeen Nasser*___________

Nedeen Nasser

Outlook

**RE: Love v. Occams Advisory, Inc. | 5:26-cv-02768-JGB-ACCV**

**From** Mohammed Badwan <mbadwan@atlaslawcenter.com>
**Date** Mon 8/17/2026 5:37 AM
**To** Nedeen Nasser <nedeen.nasser@occams.co>
**Cc** Timothy Hogan <thogan@atlaslawcenter.com>; John Ruzzin <jruzzin@atlaslawcenter.com>

**CAUTION: Be Careful**

**This email contains suspicious keywords and is from an external source. Please respond carefully or seek advise.**

Good Morning Nedeen,

I will get you a demand in the next 48 hours. No objection to vacating the default.

Regards,

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
Attorneys At Law
2500 S. Highland Ave.
Suite 200
Lombard, Illinois 60148
Direct Line (630) 575 - 8180
Fax (630) 575 - 8188
**Website: AtlasConsumerLaw.com**
Email: mbadwan@sulaimanlaw.com

**CONFIDENTIALITY**: The information contained in this e-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and contains confidential information intended only for use by the specified individual(s) and/or entity(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error and any review, dissemination, copying or the taking of any action based on the contents of this communication and/or attached documents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or email and delete the original message without making a copy. This message, together with any attachments, is intended for the use of the individual or entity to which it is addressed and contains information that is **LEGALLY PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE**.

**NOT LEGAL ADVICE:** If you are not an existing client of Sulaiman Law Group, Ltd., do not construe anything in this e-mail to make you a client of Sulaiman Law Group, Ltd. Any information in this communication is for discussion purposes only, and is not offered as legal advice. There is no right to rely on the information contained in this communication and **no attorney-client relationship is formed**.
**CIRCULAR 230 DISCLAIMER:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax related matter(s) addressed therein.

**From:** Nedeen Nasser <nedeen.nasser@occams.co>
**Sent:** Friday, August 14, 2026 11:23 AM
**To:** Mohammed Badwan <mbadwan@atlaslawcenter.com>
**Subject:** Re: Love v. Occams Advisory, Inc. | 5:26-cv-02768-JGB-ACCV

Mr. Badwan:

I'm following up with you since our call on Tuesday. Did you have a chance to touch base with your client regarding the nature of the case as possible settlement to resolve the matter?

If not, I would like us to move to vacate entry of default in the next few days. You said you would not contest it, so I can draft it as a consented or joint motion if you agree.

Truly,

Nedeen Nasser, Esq.

Confidentiality Note: The information transmitted in this e-mail is intended to be confidential and for the use of only the individual(s) or entity(ies) named above. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Any unintended recipient is prohibited from any retention, dissemination, distribution, copy, or use of this e-mail and/or its attachments. If it has been misdirected, or if you suspect you have received this communication in error, please notify me by replying and then delete both message and reply. We advise you that any tax advice included in this communication is not intended to be used and cannot be used to avoid any tax penalties or promote, market, or recommend to another individual or entity any transaction matter.

---

**From:** Nedeen Nasser <nedeen.nasser@occams.co>
**Sent:** Monday, August 10, 2026 8:41 AM
**To:** Mohammed Badwan <mbadwan@atlaslawcenter.com>
**Subject:** Re: Love v. Occams Advisory, Inc. | 5:26-cv-02768-JGB-ACCV

You can reach me directly on my cell at (310) 999-9464. Otherwise, we only utilize Teams calls, and I can set one up for us.

Truly,

Nedeen Nasser, Esq.

Confidentiality Note: The information transmitted in this e-mail is intended to be confidential and for the use of only the individual(s) or entity(ies) named above. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Any unintended recipient is prohibited from any retention, dissemination, distribution, copy, or use of this e-mail and/or its attachments. If it has been misdirected, or if you suspect you have received this communication in error, please notify me by replying and then delete both message and reply. We advise you that any tax advice included in this communication is not intended to be used and cannot be used to avoid any tax penalties or promote, market, or recommend to another individual or entity any transaction matter.

---

**From:** Mohammed Badwan <mbadwan@atlaslawcenter.com>
**Sent:** Friday, August 7, 2026 4:46 AM
**To:** Nedeen Nasser <nedeen.nasser@occams.co>; Alexander Taylor <ataylor@sulaimanlaw.com>
**Cc:** Omar Sulaiman <osulaiman@atlaslawcenter.com>
**Subject:** RE: Love v. Occams Advisory, Inc. | 5:26-cv-02768-JGB-ACCV

**CAUTION: Be Careful**

This email contains suspicious keywords and is from an external source. Please respond carefully or seek advise.

Good Morning Nedeen,

That will work. I will call you at 12:30 pm PT/ 2:30 pm CT on Monday. What's the best number to reach you at?

Regards,

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
Attorneys At Law
2500 S. Highland Ave.
Suite 200
Lombard, Illinois 60148
Direct Line (630) 575 - 8180
Fax (630) 575 - 8188
**Website: AtlasConsumerLaw.com**
Email: mbadwan@sulaimanlaw.com

**CONFIDENTIALITY**: The information contained in this e-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and contains confidential information intended only for use by the specified individual(s) and/or entity(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error and any review, dissemination, copying or the taking of any action based on the contents of this communication and/or attached documents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or email and delete the original message without making a copy. This message, together with any attachments, is intended for the use of the individual or entity to which it is addressed and contains information that is **LEGALLY PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE**.